**Boyd Douglas COLES**

v.

**METROPOLITAN LIFE INSURANCE COMPANY and the Trustees of the American Consulting Engineers Council Insurance Trust Fund.**

**Civ. A. No. 92–1023–B.**

United States District Court,
M.D. Louisiana.

Oct. 15, 1993.

Joseph R. Raggio, Baton Rouge, LA, for plaintiff.

John E. McElligott, Jr., Kyle Liney, Mark Gideon, Davidson, Meaux, Sonnier, McElligott & Swift, Lafayette, LA, for defendants.

## RULING ON THE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO STRIKE

POLOZOLA, District Judge.

This matter is before the Court on the defendants' motion for partial summary judgment and the defendants' motion to strike. For reasons which follow, the defendants' motion for partial summary judgment is

granted in part, and denied in part. The defendants' motion to strike is denied as moot.

## I. Facts and Procedural History

Brooks–Harbour and Associates (Brooks) contracted with the American Consulting Engineers Council Insurance Trust Fund (ACEC) to provide health insurance for Brooks' employees. The health insurance plan provided by ACEC was insured by Metropolitan Life Insurance Company (Metropolitan). Boyd Douglas Coles, an employee of Brooks, obtained a group health insurance policy for himself and his family through Brooks and ACEC.

In 1989, ACEC denied Coles' claim for benefits for expenses related to Coles' son. After exhausting his administrative remedies under the plan, Coles filed suit against ACEC and Metropolitan in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. Coles sought past and future medical expenses, as well as penalties and attorney's fees under La.R.S. 22:657.[1] The defendants timely removed the suit to federal court, citing 28 U.S.C. § 1331 as a basis for subject matter jurisdiction. Defendants then filed the pending motion for partial summary judgment.

Defendants contend that the Employee Retirement Income Security Act of 1974 (ERISA)[2] pre-empts plaintiff's claims for extra-contractual damages, penalties and attorney's fees. Defendants further request that

the Court determine the applicable standard of review based on the facts before the Court at this time.

In response to defendants' motion, plaintiff filed an opposition memorandum supported by an affidavit and several exhibits. The defendants then filed a motion to strike the evidence submitted by the plaintiff as unresponsive to the issues raised in the defendants' motion for partial summary judgment.

## II. Defendants' Motion for Partial Summary Judgment

### A. ERISA Pre-emption

As a general rule, ERISA pre-empts any state law claim that relates to an employee benefit plan.[3] However, ERISA's insurance saving clause expressly exempts state laws that regulate insurance from pre-emption.[4] In *Metropolitan Life Insurance Company v. Massachusetts*,[5] the United States Supreme Court set forth the requirements a state statute must meet to fall within the ERISA insurance saving clause. The Court must first determine whether the statute in question fits the common sense definition of insurance regulation. The Court must then consider three factors: (1) Whether the state statute spreads the policyholders' risk; (2) whether the statute forms an integral part of the policy relationship between the insurer and the insured; and (3) whether the statute is limited to entities within the insurance industry.[6] If the state

---

1. La.R.S. 22:657 provides, in pertinent part:

   A. All claims arising under the terms of health and accident contracts issued in this state ... shall be paid not more than thirty days from the date upon which written notice and proof of claim ... are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, exist.... Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court.

2. 29 U.S.C. §§ 1001–1461 (1985 & Supp.1993).

3. 29 U.S.C. § 1144(a) provides: "Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of

this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975."

4. 29 U.S.C. § 1144(b)(2)(A) provides: "Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities."

5. 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985).

6. *Metropolitan Life*, 471 U.S. at 743, 105 S.Ct. at 2391; *NGS American, Inc. v. Barnes*, 998 F.2d 296, 299 (5th Cir.1993); *Tingle v. Pacific Mutual Ins. Co.*, 996 F.2d 105, 107 (5th Cir.1993).

statute fits the common sense definition of insurance regulation, and the court answers "yes to each of the three inquiries in the second prong of the test, then the statute falls within the savings clause and is not pre-empted by ERISA.[7]

■ Applying the above standard, the Court finds that La.R.S. 22:657 falls within the scope of ERISA's general pre-emption clause. In *Pilot Life Insurance Company v. Dedeaux*,[8] the Supreme Court noted the expansive sweep of § 1144(a) of ERISA. The Court found the clause should be given a broad, common-sense meaning and that a state law "relate[s] to" a benefit plan if the state law has a connection with, or a reference to, such a plan. The Supreme Court emphasized that ERISA's pre-emption clause is not limited to state laws specifically designed to affect employee benefit plans.[9] Since plaintiff's stated claim was based on the denial of a claim for benefits under an employee benefit plan, this claim satisfies the criteria for pre-emption under § 1144(a) of ERISA.

Since the Court has found that La.R.S. 22:657 is subject to ERISA's general pre-emption clause, the Court must now determine whether the insurance saving clause spares this statute from pre-emption. The Court shall separately address this issue for each defendant.

### 1. The ACEC Plan

■ Even if the Court assumes for purposes of this motion that La.R.S. 22:657 "regulates insurance" and falls within the scope of the saving clause of ERISA, Coles may not recover damages from the ACEC plan on the state law claims. The Fifth Circuit's decision in *Gonzales v. Prudential Insurance Company of America*,[10] is dispositive of this issue. In *Gonzales*, the plaintiff sued his ERISA plan and the plan's insurer after the plan denied his claim for benefits. Gonzales then filed a suit which alleged violations of state law, including La.R.S. 22:657. Prudential sought dismissal of plaintiff's suit because plaintiff's state law claims were pre-empted by ERISA. In its opinion, the Fifth Circuit discussed the general pre-emption and saving clauses and ERISA's deemer clause which is set forth at 29 U.S.C. § 1144(b)(2)(B).[11]

The deemer clause provides that no employee benefit plan "shall be deemed to be an insurance company or other insurer ... for purposes of any law of any State purporting to regulate insurance."[12] The purpose of this clause is to prevent states from treating ERISA plans as insurers subjecting them to state insurance regulation.[13]

■ After consideration of the deemer clause, the Fifth Circuit held that insured ERISA plans are subject to state insurance regulation, but only indirectly. The Fifth Circuit found that the state may not enforce its insurance laws in such a way that an ERISA plan must conform to them or face liability for its failure to do so.[14] Thus, any state law that violates or conflicts with this rule is pre-empted by ERISA. However, ERISA does not prohibit the application of state insurance laws to the insurer of an ERISA plan. Thus, by regulating the insurer, the state may indirectly influence the content and operation of an insured plan.

The ACEC plan at issue in this case is insured by Metropolitan Life. As an insured ERISA plan, the ACEC plan may not be forced to conform to state insurance laws even if these laws are spared from pre-emption by the saving clause. Therefore, Coles' state law claim against the ACEC plan must be dismissed.

### 2. Metropolitan

■ The validity of Coles' state law claim against Metropolitan, as the insurer of the ACEC plan, requires a different analysis.

**7.** *Id.*

**8.** 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

**9.** *Pilot Life*, 481 U.S. at 47–48, 107 S.Ct. at 1553.

**10.** 901 F.2d 446 (5th Cir.1990).

**11.** *Gonzales*, 901 F.2d at 451–53.

**12.** 29 U.S.C. § 1144(b)(2)(B) (1985).

**13.** *Gonzales*, 901 F.2d at 453.

**14.** *Gonzales*, 901 F.2d at 446, 453–54.

The deemer clause of ERISA does not prohibit state efforts to regulate ERISA plan insurers. Thus, the Court must determine whether La.R.S. 22:657 is exempt from pre-emption under the insurance saving clause of ERISA. For reasons which follow, the Court finds that 22:657 does not regulate insurance as required by the saving clause, and, therefore, is pre-empted by ERISA.

■ The mere fact that a state statute is part of a comprehensive state insurance code will not exempt it from pre-emption by ERISA.[15] Instead, the state statute must satisfy each of the three factors set forth by the Supreme Court in *Metropolitan Life*.[16] Section 657 does not satisfy each of these factors. Primarily, La.R.S. 22:657 does not constitute an integral part of the policy relationship between the insurer and the insured. The insurer-insured relationship is defined by the insurance contract, and consists of the respective obligations of each party to the contract. Section 657 merely provides a remedy for an insurance company's breach of this previously defined contractual relationship. Furthermore, as a procedural remedy to an insurer's breach of contract, section 657 does not spread risk among the policyholders.

The remedies available under La.R.S. 22:657 may actually conflict with ERISA's civil enforcement provisions. Under ERISA, the Court has discretionary authority to award attorney's fees in an employee's action to recover plan benefits. Section 657 provides for the mandatory award of attorney's fees whenever an insurer violates the statute. Furthermore, ERISA does not authorize the award of punitive damages but section 657 imposes a mandatory where the insurer violates the statute.

This Court's conclusion that La.R.S. 22:657 is pre-empted by ERISA is supported by the

Supreme Court's holding in *Pilot Life Insurance Company v. Dedeaux*.[17] In *Pilot Life*, the Supreme Court held that a Mississippi law which defined the criteria necessary for an insured to collect punitive damages from an insurer was pre-empted by ERISA. Other federal and state courts sitting in Louisiana have found that ERISA pre-empts the application of section 657.[18] For these reasons, the Court finds that Coles has no cause of action under La.R.S. 22:657 against Metropolitan under the facts of this case.

**B. Standard of Review**

The defendants further request that the Court determine the applicable standard of review based on the facts before the Court at this time. The Court finds that it would be inappropriate to give an advisory opinion at this time. The Court will consider the standard of review of this issue when it is necessary to do so on a motion for summary judgment or at the trial of this case. Therefore, this portion of the defendants' motion should be denied without prejudice.

**III. Defendants' Motion to Strike**

The plaintiff submitted his own affidavit and several exhibits in conjunction with his opposition to the defendants' motion for partial summary judgment. The defendants contend that the plaintiff's evidence should be stricken from the record because it is not responsive to the issues raised in the defendants' motion. Because the Court has partially granted the defendants' motion for partial summary judgment, the Court finds that the defendants' motion to strike should be denied as moot.

**IV. Conclusion**

In summary, the defendants' motion for partial summary judgment should be granted as to the plaintiff's state law claims for extra-

---

**15.** *Tingle,* 996 F.2d at 109.

**16.** *Tingle,* 996 F.2d at 110; *NGS American,* 998 F.2d at 299; See also pp. 3–4 of this opinion.

**17.** 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

**18.** See *Gulf South Medical and Surgical Inst. v. Gilsbar, Inc.,* No. 92–3833, 1993 WL 165685 (E.D.La. May 7, 1993); *Taylor v. Blue Cross/Blue*

*Shield of New York,* 684 F.Supp. 1352, 1359 (E.D.La.1988); *Sublett v. Premier Bancorp Self Funded Medical Plan,* 683 F.Supp. 153, 155 (M.D.La.1988); *Cramer v. Association Life Ins. Co.,* 569 So.2d 533, 538 (La.1990), *cert. denied,* 499 U.S. 938, 111 S.Ct. 1391, 113 L.Ed.2d 447 (1991).

contractual damages, penalties, and attorney's fees under La.R.S. 22:657.

Therefore:

IT IS ORDERED that the defendants' motion for summary judgment as to the plaintiff's state law claims for extra-contractual damages, penalties, and attorney's fees under La.R.S. 22:657 be and it is hereby GRANTED.

IT IS FURTHER ORDERED that the defendants' request that this Court define the applicable standard of review be and it is hereby DENIED without prejudice.

IT IS FURTHER ORDERED that the defendants' motion to strike be and it is hereby DENIED as moot.