Donna **CHATELAIN**

v.

**SOUTHERN BAPTIST HEALTH SYSTEMS d/b/a Mercy + Baptist Medical Center.**

No. 95–2116.

United States District Court, E.D. Louisiana.

Nov. 27, 1995.

Donald F. De Boisblanc, Mary D. Sentenn, New Orleans, LA, for plaintiff.

Stephen Andrew Fritch, Stephen A. Fritch and Associates, Metairie, LA, for defendant.

## ORDER AND REASONS

JONES, District Judge.

Plaintiffs Donna Chatelain and Ryan Chatelain have brought this motion requesting that the Court remand this action to state court jurisdiction. The matter was submitted on a previous date without oral argument. Having reviewed the submissions of the parties, the record and the applicable law, the Court **DENIES** plaintiffs' motion.

### Background

Plaintiffs, Donna Chatelain ("Chatelain") and her minor child, Ryan Chatelain, filed a state court action seeking health care benefits under defendant's employer-sponsored "health insurance policy."[1] Chatelain seeks benefits resulting from an automobile accident, in which she and her son were involved. The accident occurred on September 17, 1993 and required that plaintiffs receive medical treatment at the emergency room at East Jefferson General Hospital. Chatelain filed a claim on behalf of herself and her son as required under the plan. All benefits were

---

1. While plaintiffs refer to the policy as a "health insurance policy," the document in question is entitled "Medical and Dental Plan for Southern Baptist Hospital." (Defendant's Memorandum in Opposition, Exh. A, R. Doc. 8.)

denied and no payment has ever been made. (Plaintiffs' Petition, Arts. III, IV, VI, VII and VIII, R. Doc. 1.)

Defendant removed this matter to federal court, contending that this action is a claim for benefits pursuant to the Employee Retirement Income Security Act of 1974, 88 Stat. 829, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), subject to ERISA's provisions which therefore preempts plaintiffs' state law claims. Plaintiffs in turn filed this motion to remand the action to state court alleging preemption of federal law. Plaintiffs argue that this action is for benefits which were filed under an insurance policy and ERISA does not supersede state laws which regulate insurance. Plaintiffs argue that at best, this Court has concurrent jurisdiction. Plaintiffs further contend that having been granted the option of invoking either jurisdiction, they may not be ousted from state court at defendant's election. They therefore maintain that state court jurisdiction is proper for any action pursuant to La.R.S. 22:657, under which they are entitled to recovery of all payments under the policy, as well as penalties and attorney's fees.[2] (Plaintiffs' Memorandum in Support of Motion to Remand, p. 3, R.Doc. 5.)

### Law and Analysis

As a general rule, ERISA preempts any state law claim that relates to an employee benefit plan.[3] However, ERISA's insurance "saving clause" expressly exempts state laws that regulate insurance from preemption.[4] Nevertheless, the scope of the savings clause is narrowed, or at least modified, by ERISA's "deemer clause."[5]

Thus in determining whether plaintiffs' state law action is preempted, the Court must first determine whether an action pursuant to La.R.S. 22:657 "relate[s] to" an employee benefit plan so that it falls within the scope of ERISA's general preemption clause. In *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987), the Supreme Court noted the expansive sweep of § 514(a) of ERISA. The Court stated that the general preemption clause should be given a broad, common-sense meaning. *Id.* The Court found that a state law "relate[s] to" a benefit plan if the state law has a connection with, or reference to, such a plan. *Id.* The Supreme Court emphasized that ERISA's preemption clause is not limited to state laws specifically designed to affect employee benefit plans. *Pilot Life* at 47–48, 107 S.Ct. at 1552–53; *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983).

Applying the above precepts, the Court finds that La.R.S. 22:657 falls within the scope of ERISA's general preemption clause. The Court grounds its finding on its determination that plaintiffs' state law claim was based on an improper processing and denial of a claim for benefits under an ERISA employee benefit plan. 29 U.S.C. § 1002(1) defines the term "employee benefit plan" and provides in pertinent part:

> The term[ ] "employee benefit plan" ... means any plan, fund, or program ... established or maintained by an employer or by an employee organization ... to the extent that such plan, fund, or program was established or is maintained for the

---

**2.** La.R.S. 22:657 requires health and accident insurance claims to be paid not more than 30 days from the date of written notice and proof of claim. It further provides that claimants can recover a penalty and attorney's fees upon the insurer's failure to comply with this requirement.

**3.** § 514(a), 29 U.S.C. § 1144(a) provides in pertinent part: "Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title...."

**4.** § 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A) provides: "Except as provided in Subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities."

**5.** § 514(b)(2)(B), 29 U.S.C. § 1144(b)(2)(B) provides in pertinent part: "Neither an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer ... for purposes of any law of any state purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies."

purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits....

It is incontrovertible that the benefits which plaintiffs seek to recover are pursuant to an employee benefit plan. Hence, the action is within the ambit of ERISA's expressed preemption clause § 514(a). Plaintiffs counter defendant's allegations, asserting that their state court petition only states a claim for health benefits pursuant to an employee sponsored "health-insurance policy." To the contrary, *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985) and *Shaw, supra*, gave the phrase "relate to" "its broad commonsense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Metropolitan Life*, 471 U.S. at 739, 105 S.Ct. at 2389, (*quoting Shaw v. Delta Air Lines*, 463 U.S. at 97, 103 S.Ct. at 2900). Here the plan was established by the employer to provide medical, surgical or hospital care benefits through the purchase of health insurance. Consequently, the benefits which plaintiffs are seeking to recover are pursuant to an employee benefit plan within the meaning of ERISA.

■ Further, this plan qualifies as an ERISA employee benefit plan.[6] ERISA applies to employee benefit plans maintained "by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a). Defendant is undoubt-

edly an employer engaged in commerce or an industry affecting commerce. Thus, the employee benefit plan in question is an ERISA plan.[7]

Finally, pursuant to *Pilot Life, supra*, plaintiffs' state law claims relate to the ERISA plan. In *Pilot Life*, the Court found that the common-law causes of action asserted in the plaintiff's complaint, each based on the alleged misprocessing of a benefit claim under an employee benefit plan "relate to" an employee benefit plan and therefore fell under ERISA's preemption clause. *Id.*, 481 U.S. at 48, 107 S.Ct. at 1553. Similarly, in the instant action, the state law claims, based on the denial of a claim for health benefits, relate to an employee benefit plan.[8]

■ Having concluded that the state law claims fall within the ERISA general preemption clause, the Court must next determine whether the insurance saving clause spares these claims from preemption. As noted above, the saving clause "saves" or exempts from preemption any state law which "regulates insurance."[9] § 514(b)(2)(A).

■ In *Metropolitan Life*, the Supreme Court set forth the requirements a state statute must meet to fall within the ERISA insurance savings clause. The Court must first determine whether the statute in question comports with a common sense analysis of an insurance regulation under the saving clause. *Metropolitan Life*, 471 U.S. at 740, 105 S.Ct. at 2389. The Court must then utilize case law interpreting the phrase "busi-

---

**6.** The Court finds it noteworthy that the drafters of the defendant's medical and dental plan drafted it with the intent of designing an ERISA plan, albeit this intent serves only as a consideration in the court's overall analysis here and not a fait accompli. *See* Defendant's Memorandum in Opposition, Exh. A, pp. 50–51, R. Doc. 8. *See also Memorial Hospital System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 241 (5th Cir.1990), *citing Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir.1982).

**7.** Indeed, cases like *Pilot Life, supra*, 481 U.S. at 47–48, 107 S.Ct. at 1552–53, and *Shaw, supra*, 463 U.S. at 98, 103 S.Ct. at 2900, have virtually taken it for granted that state laws which are "specifically designed to affect employee benefit plans" are preempted under § 514(a).

**8.** In this matter *sub judice*, plaintiffs make no serious attempt to invoke the protection of § 514(a), rather they seek the protection of §§ 514(b)(2) and 514(b)(3). Hence, cases such as *New York Blue Cross Plans v. Travelers Ins.*, —— U.S. ——, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995), *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), are not implicated since they primarily deal with the application of § 514(a).

**9.** It should be pointed out that the saving clause encompasses "any law of any state." As such "state law" is defined as "all laws, decisions, rules, regulations, or other state action having the effect of law, of any State." 29 U.S.C. §§ 1144(c)(1) and (2).

ness of insurance" under the McCarran–Ferguson Act, 15 U.S.C. § 1011 *et seq.*, in interpreting the saving clause.[10] *Id.*, 471 U.S. at 743, 105 S.Ct. at 2391.

The McCarran–Ferguson Act invokes a test consisting of three related prongs: (1) whether the state statute spreads the policyholders' risk; (2) whether the statute forms an integral part of the policy relationship between the insurer and the insured; and (3) whether the statute is limited to entities within the insurance industry. *Metropolitan Life,* 471 U.S. at 743, 105 S.Ct. at 2391. If the state statute fits the common sense analysis of an insurance regulation, and the court answers in the affirmative as to these three inquiries in the second criteria, then the statute falls within the saving clause and is not preempted by ERISA. *Id.*

No valid common sense consideration of plaintiffs' state court action—alleging that defendant failed to pay their claims within 30 days of notice and proof of claims—sustains a finding that it falls under the saving clause. Rather, a common sense understanding of the phrase "regulate[s] insurance," must "lead to the conclusion that in order to regulate insurance, a law must not just have an impact on the insurance industry, but must be specifically directed toward the industry." *Pilot Life,* 481 U.S. at 50, 107 S.Ct. at 1554. Indeed, not unlike the Mississippi law in *Pilot Life,* R.S. 22:657 is also rooted in Louisiana's general principles of tort and contract law available in Louisiana breach of contract cases, albeit identified with the insurance industry. Nor does this state statute find support either in the McCarran–Ferguson Act or the mandated benefits law upheld in *Metropolitan Life.* Common sense trumps any favorable consideration that this statute regulates insurance under the saving clause.

Turning to the three-pronged test under the McCarran–Ferguson Act, the first prong presents no problem since it is obvious that R.S. 22:657 does not regulate the spreading of risk. Different from *Metropolitan Life* where the legislative judgment effectuated

the sharing of the risk of mental health care, no such legislative intent can be gleaned from § 657 herein. *Id.* at 743, 105 S.Ct. at 2391. Similarly, because § 657 has been determined not to be a mandated-benefit law, it falls short of regulating "an integral part of the relationship between the insurer and the policyholder" or in anyway "limiting the type of insurance that an insurer may sell to the policyholder." *Id.* In fact, § 657 is clearly "no more 'integral' to the insurer-insured relationship than any state's general contract law is integral to a contract made in the State." *Pilot Life, supra* at 51, 107 S.Ct. at 1555.

As to the third criterion which imposes requirements only on insurers, with the perceived intent of affecting the relationship between the insurer and the insured, this Court agrees with the *Pilot Life* case that any connection to an insurer-insured relationship under § 657 "is attenuated at best." *Id.* Section 657 in no way defines the terms of the relationship between the insurer and the policyholder, but instead accepts the existing terms of the agreement and simply provides for a state law remedy for failure to pay timely under a general breach of contract negligence in tort. At most plaintiffs satisfy only one of the three criteria for "business of insurance" under the McCarran–Ferguson Act. Accordingly, plaintiffs' contention under R.S. 22:657 fails to save their claim from preemption by way of the saving clause.

One further preliminary on the saving clause in relation to the deemer clause needs mention. Recognizing the fact that both the Supreme Court and this Circuit have left numerous difficulties remaining toward clarifying and interpreting the relationships among the general preemption, saving, and deemer clauses, and further recognizing that "[t]he standards by which a court must determine whether a state statute 'regulates insurance' are anything but clear," this foray into the relationships among the clauses serves merely to determine whether any valid analogies in those cases embraces plaintiffs' state court claims. *See Gonzales v.*

---

**10.** The McCarran–Ferguson Act provides, in pertinent part: "The business of insurance and every person engaged therein, shall be subject to the laws of the several states which relate to the regulation or taxation of such business." 15 U.S.C. § 1012(a).

*Prudential Ins. Co. of America,* 901 F.2d 446, 451 (5th Cir.1990). In the present case, the only validly contested issue is whether the saving clause spares plaintiffs from preemption and, if so, whether the deemer clause would—nevertheless—prohibit application of state insurance laws or suits for failure to comply with such laws? *Id.* at 454; *See also Brown v. Granatelli,* 897 F.2d 1351, 1353 (5th Cir.1990).

Any meaningful consideration of the referenced clauses must begin with and be guided by the two controlling Supreme Court cases of *Metropolitan Life, supra,* and *Pilot Life, supra,* and the recent Fifth Circuit case of *Gonzales, supra.* Failing the common sense application and the "business of insurance" test under the McCarran–Ferguson Act as to the saving clause, the final avenue left for plaintiffs' state court claims demand that the statute either finds favor in controlling jurisprudence, otherwise it must fail. Drawing on this body of holdings by these courts, this Court briefly reviews each case seriatim to ascertain whether factually or legally plaintiffs' claims may still be spared by the saving and/or deemer clause.

Chronologically, *Metropolitan Life Ins. Co. v. Massachusetts, supra,* must be the starting point. In *Metropolitan Life,* the Court was confronted with a Massachusetts statute that specified minimum mental-health-care benefits to all its residents. After reviewing those circumstances which would allow state regulation of group insurance, the Court instructed that such state statutes must relate either to some "aspects of transacting the business of group insurance," or "regulating [to] the content of group policies" in addition to "mandated-benefit statutes." *Id.* at 728, 105 S.Ct. at 2383. Examples offered of these non-exempt state law regulations are: solvency or the qualification of management, claims practices or rates, conversion privileges, and specified illness or procedure. From these caveats the Court concluded that the primary purpose of the statute was to spread the risk of mental-health care for its residents in a shared manner. Thus, the Court held that a state law regulating insurance, as mandated-benefit laws do, is not preempted; rather it is saved under the saving clause and confirmed by the deemer clause. *Id.* at 746, 105 S.Ct. at 2392.

On the other hand, in the *Pilot Life* case the Supreme Court was asked to decide whether ERISA preempts state common law tort and contract actions asserting improper processing of a claim for benefits under an insured employee benefit plan. At issue were Mississippi statutes of tortious breach of contract and the state's bad faith law upon which plaintiff based his allegations of improper processing of his claim for benefits under an employee benefit plan, i.e., that the state's bad faith law was a law "which regulates insurance," and thus is saved from preemption by the saving clause. Rejecting that proposition, the Court opined that because "the state cause of action seeks remedies for the improper processing of a claim for benefits" under an ERISA-regulated plan, it fell within the exclusive control of the civil enforcement provisions provided by ERISA § 502(a), 29 U.S.C. § 1132(a). And, based on § 502(a),[11] adequate protection is provided for a plan participant or beneficiary to sue for benefits due and seek relief for accrued benefits either by way of a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's *improper refusal to pay benefits. Id.* at 53, 107 S.Ct. at 1556 (emphasis added). Accordingly, the court concluded in light of the clearly expressed intent that ERISA's civil enforcement scheme be exclusive, plaintiff's common law claims were preempted by § 514(a) and could not be rescued by the saving clause. Because of this finding, the Court pretermitted any consideration of the deemer clause. *Id.* at 57, 107 S.Ct. at 1556.

---

**11.** Section 502(a) provides in pertinent part:
"A civil action may be brought—
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
. . .

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan; . . . ."

The final case is the Fifth Circuit's holding in *Gonzales*. This case presented the court with the question of whether claims for accrued disability payments and penalties for wrongful delay in the making of such payments—which statutes are contained in Louisiana's Insurance Code—are statutes regulating insurance and therefore spared by ERISA's saving clause.[12] *Gonzales*, 901 F.2d at 446. After careful consideration of the applicable facts and law and based on their interpretation of the deemer clause, the court concluded that "[e]ven if we assume that the state laws in question do 'regulate insurance' and, therefore, fall under the protective umbrella of the saving clause, Gonzales is not entitled to relief on the basis of his state law claims."[13] *Id.* at 452. Consistent with this understanding, the court stated that it was the goal of the deemer clause to prohibit states from regulating ERISA plans even if they exhibit some of the same risk-distributing characteristics as do traditional insurers. *Id.* at 453. Ultimately the court held that "[u]nder the deemer clause an ERISA plan, whether insured or uninsured, may not itself be forced to conform to state insurance laws—even assuming such laws are spared from preemption by the saving clause—or be sued for failure to comply with such laws." *Id.* at 454. Hence plaintiffs' state law claims were preempted under the Plan.

In sum, plaintiffs in this instant matter fail generally to invoke the protection of the saving clause and/or the deemer clause based on the legal standards enunciated by the case law and specifically under an analogous factual analysis by the foregoing courts.

Accordingly,

**IT IS ORDERED** that plaintiffs' "Motion to Remand" is **DENIED.**

---

12. As in the instant action, plaintiffs' state court claim for penalties for wrongful delay in making payment was pursuant to La.R.S. 22:657(A).

13. The court noted that it was offering no opinion as to whether the state laws in question in fact regulate insurance or are saved by the saving clause since its decision rested on the deemer clause and applicable state law. *Gonzales*, 901 F.2d at 452 n. 20.