Calvin **HICKS**

v.

**CNA INSURANCE COMPANY.**

No. CIV. A. 97–3675.

United States District Court,
E.D. Louisiana.

April 2, 1998.

H. Edward Sherman, James Edmon Cazalot, Jr., Law Offices of H. Edward Sherman, New Orleans, LA, for Plaintiff.

James M. Garner, Deirdre Claire McGlinchey, McGlinchey Stafford P.L.L.C., New Orleans, LA, for Defendant.

## ORDER AND REASONS

FALLON, District Judge.

Defendant removed plaintiffs' state court petition, citing federal question jurisdiction created by ERISA. Defendant then moved to strike plaintiff's claims for penalties, attorney's fees and legal interest, citing ERISA preemption. Plaintiff moved to remand the case, contending that ERISA does not govern this suit and thus that removal was improper. These motions were taken under submission by the Court on the briefs. After a review of the applicable law, the record, and the memoranda in support and opposition, the plaintiff's motion to remand is DENIED, and the defendant's motion to strike is GRANTED as to penalties and attorney's fees and DENIED as to legal interest.

## BACKGROUND

On October 6, 1997, plaintiff Calvin Hicks filed a Petition for Damages against defendant, Continental Casualty Company ("Continental")[1] in the Fortieth Judicial District Court for the Parish of St. John the Baptist. In his Petition for Damages, plaintiff set forth claims for reinstatement of his long-term disability benefits as a result of injuries allegedly rendering him totally disabled. Plaintiff also seeks penalties and attorney's fees under Louisiana state law. Specifically, plaintiff claims he is entitled to long-term disability benefits under a Continental employee benefit plan, despite a settlement agreement between him and his former employer, Baxter Healthcare Corporation ("Baxter"). Continental issued Baxter's employee benefit plan, which Baxter maintained under the provisions of the Employee Retire-

---

1. A division of CNA Insurance Company.

ment Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

On November 25, 1997, Continental filed a Notice of Removal under 28 U.S.C. § 1441(b), based on federal question jurisdiction created by ERISA. On December 16, 1997, Continental moved to strike plaintiff's claims for penalties, attorney's fees, and legal interest. On December 24, 1997, plaintiff filed a Motion to Remand his claim to state court, claiming that the case does not relate to the ERISA plan and instead is governed by state law alone. On January 13, 1998, plaintiff filed an Objection to Jurisdiction and Opposition to Motion to Strike, demanding that the defendant produce evidence that the ERISA plan is implicated in the proceedings.

## ANALYSIS

### I. Whether the Plan at Issue Is Governed by ERISA

Before addressing the motion to strike and the motion to remand, the Court must resolve the issue of whether the Continental policy and employee benefit plan under which plaintiff seeks to recover is governed by ERISA. An "employee welfare benefit program" under ERISA is (1) a "plan, fund, or program" (2) established and maintained by (3) an employer to employee organization, or by both, for (4) the purpose of providing disability benefits to (5) participants or their beneficiaries. 29 U.S.C. § 1002(1); *see Hansen v. Continental Ins. Co.,* 940 F.2d 971, 976 (5th Cir.1991); *Memorial Hosp. System v. Northbrook Life Ins. Co.,* 904 F.2d 236, 240–41 (5th Cir.1990).

■ In the instant case, the long term disability plan for salaried employees and Continental's policy issued to plaintiff's employer, Baxter, are governed by ERISA because they were established and maintained by Baxter for the purpose of providing long-term disability payments to Baxter's employees. Moreover, the plan specifically states that it is governed by ERISA. Therefore, the employee benefit plan under which plaintiff seeks to recover is governed by ERISA.

### II. Motion to Remand

The Court must next determine whether ERISA should preempt the plaintiff's claim. Specifically, the plaintiff claims that ERISA preemption does not apply because the sole issue to be determined is whether a receipt and release signed by the plaintiff did in fact release CNA from its obligation to pay long-term disability payments under the plan.

■ ERISA contains a preemption clause which states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan." 29 U.S.C. § 1144(a). Ordinarily, preemption of a state law claim would merely be a defense and would not support removal under the "well pleaded complaint rule," but ERISA preemption is so comprehensive in nature as to provide a basis for removal even though it is a defense. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). State law claims, regardless of how they are pleaded, are preempted if they "relate to" an ERISA plan. *FMC Corp. v. Holliday,* 498 U.S. 52, 58, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990). The language of the ERISA preemption clause is deliberately expansive and has been construed broadly by federal courts. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (common law tort and contract causes of action seeking damages for improper processing of a claim for benefits under a disability plan are preempted); *Ingersoll–Rand v. McClendon,* 498 U.S. 133, 138–9, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Corcoran v. United HealthCare, Inc.,* 965 F.2d 1321, 1328–29 (5th Cir.1992).

■ In *Hubbard v. Blue Cross and Blue Shield,* 42 F.3d 942, 945 (5th Cir.1995), the court stated that ERISA preemption is applicable when:

(1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.

*See also, Weaver v. Employers Underwriters, Inc.,* 13 F.3d 172, 176 (5th Cir.1994); *Memorial Hosp. System v. Northbrook Life Ins. Co.,* 904 F.2d 236, 245 (5th Cir.1990). Both prongs of the test are met in the instant case.

■ First, plaintiff claims entitlement to long-term disability benefits from Continental. Specifically, plaintiff claims that he is entitled to long-term disability payments despite a settlement agreement between him and his employer. However, any right the plaintiff may have to long-term disability benefits is created by virtue of Baxter's participation in the long term disability plan subject to ERISA. Consequently, the plaintiff's complaint does "relate to" the ERISA plan.

Second, the claim directly affects the relationship between traditional ERISA entities. Specifically, the plaintiff's claim involves the Continental employee benefits plan provided to the plaintiff by Baxter, his former employer.

In the instant action, the plaintiff submits that ERISA preemption does not apply because the sole issue concerns the validity under Louisiana law of the receipt and release signed by the plaintiff. Regardless of how narrowly plaintiff defines the issue, however, the claim for long-term benefits still "relates to" the ERISA plan and therefore is preempted by ERISA.

### III. Motion to Strike

The Court must determine whether ERISA should preempt the plaintiff's claim for penalties, attorney's fees, and legal interest. Because the Court has found evidence of an ERISA plan, the Court need only address the plaintiff's contention that the claims for penalties and attorney's fees are saved under the "insurance savings clause" of ERISA and the plaintiff's entitlement to legal interest.

■ As a general rule, ERISA preempts any state law claim that relates to an employee benefit plan. *See* 29 U.S.C. § 1144(a). The insurance savings clause of ERISA does provide that "(n)othing in ERISA shall be construed to exempt or relieve any person from any law of any state which regulates insurance." 29 U.S.C. §. 1144(b)(2)(A); *see also Metropolitan Life Insurance Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). However, the scope of the savings clause is limited by the "deemer clause," which provides that an employee benefit plan shall not be deemed to be an insurance company or other insurer for purposes of an state law purporting to regulate insurance companies. 29 U.S.C. § 1144(b)(2)(B). Thus, the insurance savings clause is not applicable.

■ The plaintiff seeks penalties and attorney's fees under La. R.S. 22:657. However, ERISA preempts a plaintiff's state law claim for penalties and attorney's fees under La. R.S. 22:657. *Coles v. Metropolitan Life Ins. Co.,* 837 F.Supp. 764 (M.D.La.1993); *Taylor v. BlueCross/Blue Shield,* 684 F.Supp. 1352 (E.D.La.1988); *Chatelain v. Southern Baptist Health Systems,* 907 F.Supp. 206 (E.D.La.1995).

■ The plaintiff also seeks legal interest from date of judicial demand. In support of its motion to strike, the defendant cites *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enters., Inc.,* 793 F.2d 1456, 1465 (5th Cir.1986), *cert. denied,* 479 U.S. 1089, 107 S.Ct. 1298, 94 L.Ed.2d 154 (1987), for the proposition that ERISA prohibits "recovery of extracontractual compensatory damages." The Court, however, finds *Hansen v. Continental Ins. Co.,* 940 F.2d 971 (5th Cir.1991) controlling because it specifically and thoroughly addresses the issue of prejudgment interest in an ERISA-controlled action. In finding the award of prejudgment interest proper in a case brought under ERISA, the court noted that since ERISA is silent on the issue of prejudgment interest, "when awarding prejudgment interest in an action brought under ERISA, it is appropriate for the district court to look to state law for guidance in awarding the rate of interest." *Id.* at 984; *see also Matter of Arbitration Between Trans Chemical Ltd. and China Nat. Machinery Import and Export Corp.,* 978 F.Supp. 266, 277–78 (S.D.Texas 1997); *Rivera v. Benefit Trust Life Ins. Co.,* 921 F.2d 692 (7th Cir.1991). The law of

Louisiana allows the awarding of prejudgment interest. The Court therefore denies the defendant's motion to strike legal interest.

## CONCLUSION

The plaintiff's claim in this matter does "relate to an ERISA plan" and does affect the relationship between traditional ERISA entities. *See Hubbard v. Blue Cross and Blue Shield,* 42 F.3d at 945. Furthermore, while penalties and attorney's fees under La. R.S. 22:657 are preempted by ERISA, the plaintiff's claims for legal interest is not. Therefore, the plaintiff's motion to remand is DENIED and the defendant's motion to strike is GRANTED as to penalties and attorney's fees, but DENIED as it relates to legal interest.